**COURT OF APPEALS
DECISION
DATED AND FILED**

**September 12, 2019**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2019AP473**

**STATE OF WISCONSIN**

Cir. Ct. No. 2018SC2293

**IN COURT OF APPEALS
DISTRICT IV**

STEVEN K. STACK,

   PLAINTIFF-RESPONDENT,

V.

DONALD LECHELER,

   DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for La Crosse County: GLORIA L. DOYLE, Judge. *Affirmed in part; reversed in part and cause remanded with directions.*

¶1     GRAHAM, J.[1]  Donald Lecheler, pro se, appeals a $2,000 small claims judgment in favor of his former tenant, Steven K. Stack. I affirm in part,

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

reverse in part, and remand with instructions to enter a modified judgment in favor of Stack in the amount of $1,000.

¶2      Lecheler rented a room in his house to Stack, and the landlord/tenant relationship got off to a bad start when Stack discovered that the room was infested with bedbugs. The parties argued about the safety and effectiveness of Lecheler's plan for eradicating them. Specifically, Lecheler planned to move the kitchen oven to other rooms throughout the house, which he believed would increase the temperature and kill the bedbugs. Stack considered this to be a fire hazard and was also concerned about the loss of cooking space. Stack claims that Lecheler acted "very belligerent" and threatened an illegal eviction, and that Stack felt unsafe in the home and ultimately moved out. According to Stack, Lecheler refused to return his $200 security deposit, and Stack had to dispose of his mattress and items of clothing.

¶3      Stack filed a small claims action seeking unspecified money damages in the amount of $950 and emotional distress damages in the amount of $5,000. Both parties testified at the hearing, and the circuit court granted judgment in Stack's favor. It awarded the following damages: $400 as double damages for Lecheler's failure to timely return Stack's security deposit; $450 for the replacement cost of the mattress, $250 for the replacement cost of the clothing, and $1,000 in damages for emotional distress. The circuit court then reduced the damages award to $2,000 to account for an unrelated prior debt. Lecheler contests each item of damages in this appeal.

¶4      Lecheler's arguments regarding the security deposit and the replacement cost of the discarded property lack merit.

2

¶5 Lecheler argues that the $200 payment Stack sent in advance of the move-in date cannot be considered a "security deposit" as defined in the Wisconsin Administrative Code because it was not an amount "in excess of one month's rent." Lecheler misreads the regulatory language. A "security deposit" is defined as "the total of all payments and deposits given by a tenant to the landlord as security for the performance of the tenant's obligations, and includes all rent payments in excess of 1 month's prepaid rent." WIS. ADMIN. CODE § ATCP 134.02(11) (through August 2019). It is true that rent payments exceeding one month's prepaid rent are security deposits, but, as the first clause of the definition makes clear, payments made "as security for the performance of the tenant's obligations" are security deposits as well, regardless of the amount. The record supports the circuit court's characterization of the $200 payment as a security deposit.

¶6 Regarding the discarded property, Lecheler argues that Stack misled the circuit court and that the court should have credited his version of events instead. To the extent that Lecheler's brief relies on factual allegations that were not introduced during the small claims proceeding, I do not consider them. *See State v. Flynn*, 190 Wis. 2d 31, 46 n.4, 527 N.W.2d 343 (Ct. App. 1994) (court of appeals is limited to the record before the circuit court). Lecheler has not demonstrated that any of the circuit court's credibility determinations were patently incredible, nor that its factual findings were clearly erroneous. *See Dickman v. Vollmer*, 2007 WI App 141, ¶¶14-17, 303 Wis. 2d 241, 736 N.W.2d 202 (credibility determinations are left to the fact finder unless inherently or patently unreliable, and factual findings will be affirmed unless clearly erroneous).

¶7 Lecheler's argument regarding emotional distress damages fares better. He argues that Stack would have to show (among other things) that he

suffered "an extreme and disabling response," and that Stack failed to introduce evidence sufficient to satisfy this standard. After reviewing the record, I conclude that Stack is not entitled to emotional distress damages as a matter of law. He did not introduce evidence of "severe" emotional distress required for a direct claim of negligent infliction of emotional distress, *see* ***Camp ex rel. Peterson v. Anderson***, 2006 WI App 170, ¶18, 295 Wis. 2d 714, 721 N.W.2d 146, nor did he introduce evidence of "an extreme disabling response" required for a claim of intentional infliction of emotional distress, *see* ***Terry v. Journal Broadcast Corp.***, 2013 WI App 130, ¶42, 351 Wis. 2d 479, 840 N.W.2d 255.

¶8     Finally, some portions of Lecheler's brief may be read to suggest that the circuit court judge was unfairly biased against him, though Lecheler does not cite any controlling law on this point. I do not consider this argument since it is not supported by adequate legal citations and is otherwise undeveloped. *See* ***State v. Pettit***, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (undeveloped legal arguments). While the court of appeals makes some allowances for the failings of parties who, as here, are not represented by counsel, I will not scour the record to develop viable, fact-supported legal theories on the appellant's behalf, *see* ***State v. Jackson***, 229 Wis. 2d 328, 337, 600 N.W.2d 39 (Ct. App. 1999).

¶9     For the reasons discussed above, I affirm the circuit court judgment in part, reverse in part, and remand with directions to enter a modified judgment in favor of Stack in the amount of $1,000.

*By the Court.*—Judgment affirmed in part; reversed in part and cause remanded with directions.

This opinion will not be published. *See* W<small>IS</small>. S<small>TAT</small>. R<small>ULE</small> 809.23(1)(b)4.